**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

STARR INDEMNITY & LIABILITY
COMPANY,

                Plaintiff,

v.

MIDWEST MORTGAGE ASSOCIATES
CORPORATION d/b/a TOTAL LENDING
CONCEPTS,

                Defendant.

Case No.:  1:25-cv-01323

Plaintiff, Starr Indemnity & Liability Company, for its complaint alleges:

<u>NATURE OF THE CASE</u>

1. This is an action to recover money damages and declaratory relief due to the failure of the Defendant to honor and pay a draw request on a clean, irrevocable, unconditional, evergreen letter of credit issued by the Defendant in favor of Starr. Despite the fact that Starr properly submitted a draw request to the Defendant in accordance with the terms of the letter of credit, Defendant has failed and refused to honor such draw request, as required by the terms of the letter of credit. For this reason, Starr seeks an award of money damages (including principal and interest). Starr also seeks a declaratory judgment from this Court that the Defendant is required to honor each and every draw request properly submitted by Starr in accordance with the terms of the letter of credit.

<u>THE PARTIES</u>

2. Starr is a corporation organized and existing under the laws of the State of Texas.

3. Starr maintains its main administrative office at 399 Park Avenue, New York, New York 10022.

4. For diversity purposes, Starr is a citizen of the States of Texas and New York.

5. Defendant is a corporation organized and existing under the law of the State of Colorado.

6. Defendant's corporate headquarters is located at 5555 Erindale Drive, Suite 201, Colorado Springs, Colorado  80918.

7. For diversity purposes, Defendant is a citizen of the State of Colorado.

JURISDICTION AND VENUE

8. The Court has subject matter jurisdiction of the action pursuant to 28 U.S.C. § 1332(a)(2) in that the matter in controversy exceeds $75,000.00, exclusive of interest and costs, and is between citizens of different states.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) and (c).

BACKGROUND

10. Starr is the beneficiary under Clean Irrevocable Unconditional Letter of Credit No. 6478 issued by the Defendant on October 16, 2017 in the original amount of $950,000.00 (the "Letter of Credit"). A true and correct copy of the Letter of Credit is attached hereto and incorporated herein as Exhibit "A".

11. The Letter of Credit was established by Defendant at the request of non-party GKD Management, LP d/b/a A&G Commercial Trucking, the insured under an insurance policy issued by Starr for the policy period October 15, 2017 to October 15, 2018 (the "Policy").

12. The Letter of Credit provides that it is effective immediately and expires at the offices of Defendant on October 15, 2018 (the "Expiration Date") unless renewed as provided in therein.

13. The Letter of Credit provides that it automatically renews for a one-year period upon the Expiration Date, and upon each anniversary of the Expiration Date, unless at least sixty (60) days prior to the Expiration Date, or prior to any anniversary of the Expiration Date, Defendant notifies Starr in writing by regular and registered mail that the Defendant elects not to so renew the Letter of Credit.

14. Defendant did not notify Starr prior to the Expiration Date that it was electing not to renew the Letter of Credit upon the Expiration Date, nor has Defendant notified Starr prior to each anniversary of the Expiration Date that it was electing not to renew the Letter of Credit.

15. By the terms thereof, the Letter of Credit automatically renewed for successive one-year periods upon the Expiration Date and each anniversary thereof.

16. The current expiration date of the Letter of Credit is October 15, 2025.

17. The terms of the Letter of Credit provide that funds thereunder are available against Starr's sight draft, drawn on the Defendant, bearing the clause "Drawn under Credit No. 6478."

18. The Letter of Credit states that Defendant warrants and undertakes to "promptly honor a . . . sight draft . . . drawn on us . . . at our office . . . on or before the expiration date hereof or any automatically extended expiration date . . .."

19. The Letter of Credit further provides that it is not "subject to any agreement, requirement, condition or qualification."

20. The Letter of Credit further provides that it is the "individual obligation of [Defendant] and is in no way contingent upon reimbursement with respect thereto, or upon [Defendant's] ability to perfect any lien, security interest or any other reimbursement."

21. The Letter of Credit states that it is subject to and governed by the laws of the State of New York and the 2007 revision of the Uniform Customs and Practices for Documentary Credits of the International Chamber of Commerce Publication 600 (the "UPC 600"), and that, in the event of a conflict, that laws of the State of New York control.

22. By letter dated April 14, 2025, and received by Defendant on April 16, 2025, Starr submitted a draw request to the Defendant in the amount of $158,742.05 (the "Draw Request). A true and correct copy of the Draw Request is attached hereto and incorporated herein as Exhibit "B".

23. The only requirement that Starr had to satisfy for Defendant to honor and pay the Draw Request was the presentation to Defendant of a sight draft, drawn on Defendant, bearing the clause "Drawn under Credit No. 6478."

24. The Draw Request complies in all respects with the requirement for payment under the Letter of Credit.

25. Pursuant to the terms of UPC 600, Defendant was required to pay Starr on account of the Draw Request on or before April 23, 2025 (i.e., 5 banking days after its receipt of the Draw Request).

26. To date, Defendant has failed and refused to honor and pay the Draw Request.

27. There is no factual or legal basis upon which Defendant may fail or refuse to honor and pay the Draw Request.

## COUNT I
### (Breach of Contract)

28. Starr repeats and realleges the allegations of paragraphs 1 through 27 as if fully set forth herein.

29. Defendant is required under the Letter of Credit and applicable law to honor and pay any and all draw requests submitted by Starr which comply with the terms of the Letter of Credit.

30. The Draw Request complies in all respects with the terms of the Letter of Credit.

31. Defendant breached the Letter of Credit by its failure and refusal to honor and pay the Draw Request.

32. Starr has sustained damages as a result of Defendant's breach of the Letter of Credit.

33. By reason of the foregoing, Defendant is liable to Starr for damages in the amount of $158,742.05, together with interest accruing from the date Defendant failed and refused to honor the Draw Request.

## COUNT II
### (Declaratory Judgment)

34. Starr repeats and realleges the allegations of paragraphs 1 through 27 as if fully set forth herein.

35. Pursuant to 28 U.S.C. § 2201 and applicable state law, this Court may declare the rights and legal relations of any interested party seeking such declaration, with such declaration having the force and effect of final judgment.

36. An actual controversy exists between Starr and Defendant that involves the rights and obligations of the parties under the Letter of Credit. This controversy is within the jurisdiction of this Court and can be resolved by a declaratory judgment of this Court.

37. The facts alleged herein set forth a case of controversy entitled to treatment within the contemplation of 28 U.S.C. § 2201 and any applicable state law.

38. Starr has reason to believe that, in the absence of the declaratory relief sought herein, Defendant will continue to refuse to honor and pay under the Letter of Credit upon the presentation to Defendant of a sight draft, drawn on Defendant, bearing the clause "Drawn under Credit No. 6478."

39. Starr further has reason to believe that, in the absence of the declaratory relief sought herein, Defendant will continue to breach the Letter of Credit by the imposition of conditions on the fulfillment of its obligations under the Letter of Credit.

40. Starr seeks a judicial determination of the rights and duties of the parties with respect to the Letter of Credit. Specifically, Starr seeks a declaration that: (i) the Letter of Credit is evergreen and not perpetual; (ii) the earliest that the Letter of Credit can expire is October 15, 2025; and (iii) that each time Starr presents Defendant with a sight draft, drawn on Defendant, bearing the clause "Drawn under Credit No. 6478," Defendant is required to honor and pay the amount of such sight draft within five (5) banking days following Defendant's receipt of such sight draft, without the necessity of Starr having to provide or produce any other documentation or information to Defendant.

41. Starr has no adequate remedy at law.

PRAYER FOR RELIEF

Wherefore, Starr requests that the Court:

A. Grant judgment against Defendant on Count I, in the amount of $158,742.05, together with interest, and the costs and disbursements of this action;

B.  Grant a judicial declaration on Count II, that: (i) the Letter of Credit is evergreen and not perpetual; (ii) the earliest that the Letter of Credit can expire is October 15, 2025; and (iii) that each time Starr presents Defendant with a sight draft, drawn on Defendant, bearing the clause "Drawn under Credit No. 6478," Defendant is required to honor and pay the amount of such sight draft within five (5) banking days following Defendant's receipt of such sight draft, without the necessity of Starr having to provide or produce any other documentation or information to Defendant;

C.  Award any additional relief as the Court determines to be just and proper.

Respectfully submitted,

Dated: April 28, 2025

/s/ Ross M. Chinitz
Ross M. Chinitz
Starr Insurance Holdings, Inc.
399 Park Avenue, 3rd Floor
New York, NY  10022
646-227-6409
Ross.chinitz@starrcompanies.com

Attorney for Plaintiff
Starr Indemnity & Liability Company